**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LI ZIYONG,<br><br>               Petitioner,<br><br>     v.<br><br>LUIS SOTO, et al.,<br><br>               Respondents. | Civil Action No. 25-18206 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on the habeas petition filed by Petitioner Li Ziyong pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Also before the Court is Petitioner's motion seeking a temporary restraining order. (ECF No. 3.) Following an order to answer, the Government responded to the petition. (ECF No. 6.) For the following reasons, Petitioner's habeas petition shall be granted, the Government shall afford Petitioner with a bond hearing as required by 8 U.S.C. § 1226(a) within seven days, and Petitioner's motion seeking a temporary restraining order is denied as moot in light of the outcome of Petitioner's habeas petition.

    By way of background, Petitioner is a native and citizen of China who entered the United States without admission or inspection in December 2023. (ECF No. 1 at 1.) On December 19, 2023, Petitioner was briefly taken into the custody of immigration officials, issued a notice to appear for removal proceedings, and released into the United States under an order of supervision. (*Id.* at 1-2.) On October 26, 2025, Petitioner was arrested by immigration officers and placed into detention. (ECF No. 6 at 1.) Petitioner has been held without bond since that time purportedly

pursuant to the Government's interpretation of 8 U.S.C. § 1225(b)(2) as expressed in the Board of Immigration Appeals' decision in *Matter of Hurtado*, 29 I&N Dec. 215 (BIA 2025).

Since the Government's adoption of its current interpretation of § 1225(b)(2), the courts in this district have unanimously found that the plain text of that statute does not apply to aliens who were apprehended after entering and remaining in the United States for an extended time without inspection. *See, e.g., Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025); *Bethancourt Soto v. Soto*, No. 25-16200, 2025 WL 2976572, at *6-7 (D.N.J. Oct. 22, 2025) (collecting cases). As this Court explained in *Aguilar Ramos*, the Government instead has authority to detain such aliens, including Petitioner, only pursuant to 8 U.S.C. § 1226(a), under which detainees are entitled to a bond hearing in which they can secure release by showing by a preponderance of the evidence that they are neither a danger nor a flight risk. *Aguilar Ramos*, 2025 WL 3251447, at *1; *See also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). As the Government admits that this matter is indistinguishable from *Aguilar Ramos*, (*see* ECF No. 6 at 1-2), and as Petitioner is clearly not subject to detention under § 1225(b), the Court finds that his detention instead arises under § 1226(a) and that he is entitled to a bond hearing in accordance with the statute. As the Court will grant Petitioner's habeas petition and order that he be provided a bond hearing, Petitioner's motion seeking a temporary restraining order shall be denied as moot.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a statutorily proper bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days. Petitioner's motion seeking a temporary restraining order (ECF No. 3) is denied as moot. An order consistent with this Memorandum Opinion will be entered.

                                                                          *[signature]*
                                                  **MICHAEL A. SHIPP**
                                                  **UNITED STATES DISTRICT JUDGE**